SUR PETITION FOR REHEARING
THOMAS I. VANASKIE, Circuit Judge.
The petition for rehearing filed by Appellants in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.
Judge FISHER would have granted the petition for rehearing en banc.
*676 JORDAN, Circuit Judge, concurring in the denial of rehearing, with whom RENDELL, AMBRO, and KRAUSE, Circuit Judges, join.
I write not in opposition to the denial of the petition for rehearing en banc but to make clear that my joining in that denial does not reflect any disagreement with the petitioners’ assertion that this Court’s decision in Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340 (3d Cir.2001), needs to be reconsidered. In Lafferty, we observed that, “[i]n recent years, a number of federal courts have held that ‘deepening insolvency’ may give rise to a cognizable injury to corporate debtors[,]” and we believed that the “[g]rowing acceptance of the deepening insolvency theory confirms its soundness.” Id. at 350. That led us to conclude, based on “guidance from these authorities, ... that, if faced with the issue, the Pennsylvania Supreme Court would determine that ‘deepening insolvency’ may give rise to a cognizable injury.” Id. at 349. As the petitioners note, however, much has changed in the acceptance of deepening insolvency since Lafferty. What had appeared to our Court then to be a plausible argument gaining increasing acceptance has since been widely repudiated. See, e.g., Fehribach v. Ernst & Young LLP, 493 F.3d 905, 909 (7th Cir.2007) (Posner, J.) (“[T]he theory [of deepening insolvency] makes no sense when invoked to create a substantive duty of prompt liquidation that would punish corporate management for trying in the exercise of its business judgment to stave off a declaration of bankruptcy, even if there were no indication of fraud, breach of fiduciary duty, or other conventional wrongdoing.”); In re Hydrogen, L.L.C., 431 B.R. 337, 357 (Bankr.S.D.N.Y.2010) (“New York does not recognize deepening insolvency as an independent cause of action.”); In re Virginia Broadband, LLC, 521 B.R. 539, 567 n. 181 (Bankr.W.D.Va.2014) (stating that no court in Virginia had accepted the theory of deepening insolvency as a tort and that none were likely to do so).
The theoretical underpinnings of deepening insolvency as a cause of action were cogently rebutted by Delaware Supreme Court Chief Justice Leo E. Strine, Jr., in a case decided while he was serving as a Vice Chancellor on Delaware’s Court of Chancery:
[T]he fact of insolvency does not render the concept of “deepening insolvency” a more logical one than the concept of “shallowing profitability.” That is, the mere fact that a business in the red gets redder when a business decision goes wrong and a business in the black gets paler does not explain why the law should recognize an independent cause of action based on the decline in enterprise value in the crimson setting and not in the darker one. If in either setting the directors remain responsible to exercise their business judgment considering the company’s business context, then the appropriate tool to examine the conduct of the directors is the traditional fiducia.ry duty ruler. No doubt the fact of insolvency might weigh heavily in a court’s analysis of, for example, whether the board acted with fidelity and care in deciding to undertake more debt to continue the company’s operations, but that is the proper role of insolvency, to act as an important contextual fact in the fiduciary duty metric. In that context, our law already requires the directors of an insolvent corporation to consider, as fiduciaries, the interests of the corporation’s creditors who, by definition, are owed more than the corporation has the wallet to repay.
Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P., 906 A.2d 168, 205 (Del.Ch.2006).
We have limited the reach of Lafferty, see Seitz v. Detweiler, Hershey & Assocs. *677 (In re CitX Corp.), 448 F.3d 672, 677 (3d Cir.2006) (concluding that deepening insolvency is not a “valid theory of damages for an independent cause of action”); see also Wooley v. Faulkner (In re SI Restructuring, Inc.), 532 F.3d 355, 363 (5th Cir.2008) (“We agree with the Third Circuit Court of Appeals, which recently concluded that deepening insolvency is not a valid theory of damages.”), and, more importantly, authority from within Pennsylvania has rejected its primary premise. See Ario v. Deloitte & Touche LLP, 2008 WL 6626953, at *7 (Pa. Commw. Ct. June 13, 2008) (“[W]e do not recognize the deepening insolvency theory as an independent cause of action.... ”). Thus, while the Pennsylvania Supreme Court has not weighed in on the topic, there is reason to believe that our prediction in Lafferty about the acceptance of deepening insolvency as a cause of action under Pennsylvania law has been undermined and ought to be reconsidered.
The difficulty with taking the matter up now is, among other things, that it is open to question whether the issue should have been put forward for en banc review much earlier in the tortuous procedural history of this case. Moreover, since our internal operating procedures state that “[rjehear-ing en banc is ordinarily not granted when the only issue presented is one of state law,” I.O.P. 9.3.3, it may be that the best route forward is certification of the question to the Pennsylvania Supreme Court when next a claim of “deepening insolvency” rears its head in a case governed by Pennsylvania law. I therefore do not dissent from the denial of rehearing, but do not want the basis for my vote to be misperceived. Lafferty is problematic, and at the earliest appropriate opportunity its conclusion should be revisited.